UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GERAMIE EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    25-1208 |
| | ) |
| BOWDEN, *et al.* | ) |
| | ) |
| Defendants. | ) |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. As a threshold matter, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 34) is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u>

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## Allegations

Plaintiff alleges that more than 20 prison officials have made derogatory comments about his sexual orientation on several occasions, resulting in emotional distress. For example, Plaintiff alleges that Defendant C.O. Heather stated, "Evans I know you['re] gay as fuck you don't have kids," that Defendant C.O. Bozeman stated, "Shordy yo ass gay as hell you aint got no kids," that Defendant C.O. Williams stated, "Evans you bi as Hell," and that Defendant C.O. Thomas stated, "You broke as fuck Naomi said you aint got no kids and you Bi as Hell!"

## Analysis

Most verbal harassment directed at a confined individual does not rise to the level of a constitutional violation. Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015). Plaintiff's allegations, without more

information or context, do not permit a plausible inference that the statements prison officials allegedly made were a coordinated effort or designed to inflict the type of psychological harm the Seventh Circuit has found to be actionable under the Eighth Amendment. See id. at 358 (guard allegedly smiled and made eye contact with the inmate while urinating and told inmate to "place his penis inside" another inmate, resulting in the inmate being labeled as a homosexual and subjected to an increased risk of sexual assault); Lisle v. Welborn, 933 F.3d 705, 711 (7th Cir. 2019) (summary judgment not appropriate where nurse told inmate known to be suicidal "to do a better job next time" after a failed suicide attempt); but see Dobbey v. Ill. Dep't of Corr., 574 F.3d 443, 445-46 (7th Cir. 2009) (prison guard "getting up in the middle of a card game to hang a noose in the sight of black prisoners, while the other players calmly continue the game" was harassment that did not rise to a constitutional violation). Insofar as the Court can discern, the statements were apparently made in response to a dispute about whether Plaintiff has children.

    The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to

amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 3)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that he contacted a lawyer are not sufficient. Balle v. Kennedy, 73 F.4th 545, 559-60 (7th Cir. 2023); Tackett v. Jess, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. Eagan v. Dempsey,

987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motions to Add Defendants (Doc. 7, 46)

Plaintiff's motions are denied as moot. Plaintiff will have an opportunity to add any defendants he so chooses in any amended complaint he files pursuant to this Order.

### Plaintiff's Discovery Motions (Docs. 5, 6, 8-22, 24, 25, 38, 40, 41, 44, 48)

Plaintiff filed several motions seeking summonses to issue to prison officials for purposes of conducting depositions, to request video footage and other records, and to admit certain documents into evidence. If Plaintiff states a viable claim, he will have an opportunity to conduct discovery, and to request directly from defense counsel any documents or evidence relevant to this case. As a general rule, the Court does not "admit" evidence into the record unless it is relevant to an issue currently pending before it. Plaintiff's motions are denied as premature.

### Plaintiff's Motion for Injunction (Doc. 39)

Plaintiff seeks an order "that places all Pontiac Correctional Center staff, contractors, volunteers, and medical staff and mental

health staff under a strict gag order that prevents the discussion of all personal matters pertaining to Plaintiff in this matter." Plaintiff requests that the order extend to prison law library staff for matters related to this lawsuit.

Plaintiff has not yet stated a claim upon which relief can be granted, and, therefore, the Court finds that Plaintiff has failed to show a reasonable likelihood of success on the merits. Foodcomm Int'l v Barry, 328 F.3d 300, 303 (7th Cir. 2003) (requiring a person seeking injunctive relief to show a reasonable likelihood of success on the merits). The Court also lacks authority under the Federal Rules to grant injunctive relief absent a showing that the other party had been served or why service should not be required. See Fed. R. Civ. P. 65(a)-(b). The requested relief likely exceeds the Court's authority under the Prisoner Litigation Reform Act. Rasho v. Jeffreys, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement). Plaintiff's motion is denied.

**Plaintiff's Motion for Summary Judgment (Doc. 47)**

Plaintiff asks the Court to enter summary judgment in his favor on the grounds that Defendants have violated prison regulations. Plaintiff has not yet stated a claim upon which relief can be granted, and any request for summary judgment at this stage is premature. The violation of a state rule or regulation is not sufficient to create a federal claim for relief. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."). Plaintiff's motion is denied.

**Plaintiff's Motions for Status (Docs. 23, 37, 45)**

Plaintiff's Motions for Status are denied as moot with entry of this Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [34] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to the motion.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original**

**complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

4) **Plaintiff's Motions [3][5][6][7][8][9][10][11][12][13][14][15][16][17][18][19][20][21][23][24][25][37][38][39][40][41][44][45][46][47][48] are DENIED.**

Entered this 18th day of September, 2025.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
