UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GERAMIE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-1208 |
| | ) | |
| BOWDEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER #2**

**SUE E. MYERSCOUGH, U.S. District Judge:**

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 49). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 52). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id.

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants White, Bozeman, Salahuddin, Adebolu, Welsh, Bowden, Thomas, Page, Adeyanju, and Uni spread false rumors that he was homosexual or bisexual and told him that he did not have children knowing that the comments would cause psychological distress and other inmates to harass him. Plaintiff alleges that each of these defendants made the comments after he had filed grievances and complaints pursuant to the Prison Rape Elimination Act (PREA) against them. Plaintiff alleges that he told mental health staff, but that they did not help or otherwise allowed correctional staff to spread the rumors. Plaintiff alleges that Defendant Graham did not respond to his grievances.

Plaintiff states an Eighth Amendment claim based on the alleged harassment and a First Amendment retaliation claim against Defendants White, Bozeman, Welsh, Bowden, Thomas,

Page, Adeyanju, and Uni. Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015) (verbal harassment designed to inflict psychological harm can violate the Eighth Amendment); Daugherty v. Page, 906 F.3d 606, 610 (7th Cir. 2018).

Plaintiff cannot hold Defendant Wexford Health Sources liable for its employees' conduct, see Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), and no plausible inference arises that the Jane Doe mental health defendants were responsible for Plaintiff's housing or any other remedies that may have been available. Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job."). To the extent that Plaintiff seeks to assert a PREA claim against the defendants, PREA does not create a private cause of action. Ross v. Gossett, 2016 WL 335991, at *4 (S.D. Ill., Jan. 28, 2016). Plaintiff's remaining claims will be dismissed.

**IT IS THEREFORE ORDERED:**

**1.    Plaintiff's Motion for Leave to File Amended Complaint [52] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2.    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim based on the alleged harassment and**

a First Amendment retaliation claim against Defendants White, Bozeman, Welsh, Bowden, Thomas, Page, Adeyanju, and Uni. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.    This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4.    The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those

positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**12.   The clerk is directed to terminate Defendants Cook, Good, Bohm, Miller, Eutsey, Perroka, Ramsey, Adenavo, and Hadley.**

**13.   The clerk is directed to add Adebolu and Uni as defendants.**

**14.   The clerk is directed to attempt service on White, Bozeman, Salahuddin, Adebolu, Welsh, Bowden, Thomas, Page, Adeyanju, and Uni pursuant to the standard procedures.**

ENTERED:  2/12/2026

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE